[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————

No. 20-11351
Non-Argument Calendar

————————————

D.C. Docket No. 8:18-cv-02320-JSS

MARY DIAZ,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————

(September 21, 2020)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Mary Diaz appeals the district court's order affirming the Commissioner of

Social Security's ("Commissioner") denial of her claims for a period of disability,

disability insurance benefits, and supplemental security income.  Diaz argues that

the administrative law judge ("ALJ") who denied her claims in 2017 erred by failing to give res judicata effect to an earlier ALJ decision from 2013. However, the ALJ was not required to give res judicata effect to the 2013 decision. We therefore affirm the ruling of the district court.

## I.

On November 26, 2013, an ALJ denied Diaz's claims for a period of disability, disability insurance benefits, and supplemental security income. The ALJ found that Diaz had several impairments, including cervical and lumbar spine sprain/strain and facet joint arthritis. Based on these impairments, the ALJ found that Diaz had the residual functional capacity for a restricted range of sedentary work. The ALJ ultimately decided that Diaz was not disabled between January 1, 2012 and November 26, 2013, and Diaz does not contest the 2013 ALJ decision here.

Then, on March 24, 2015, Diaz filed different claims for a period of disability, disability insurance benefits, and supplemental security income. Her applications alleged that on March 14, 2014, she had become disabled due to fibromyalgia, chronic pain, lower back pain, a herniated disk in her neck and back, and psoriasis.

Ultimately, an ALJ denied these claims in October 2017. The ALJ found that Diaz had impairments of degenerative disc disease and a shoulder impairment.

2

The ALJ further found that Diaz had the residual functional capacity to perform light work and that Diaz could continue to perform her prior work as a cashier. The ALJ ruled that Diaz was not disabled for the period between March 24, 2015 and October 16, 2017.

The Appeals Council declined to review Diaz's appeal, and the ALJ's decision thus became the final decision of the Commissioner. Diaz challenged this decision by filing a complaint in the United States District Court. Diaz argued that the ALJ erred by failing to give res judicata effect to the finding in the 2013 ALJ decision that Diaz had the residual functional capacity for only a restricted range of sedentary work. Diaz said that had the ALJ adhered to the 2013 ALJ decision, she would have been found disabled.

The district court rejected Diaz's view. Specifically, the court determined that "[b]ecause the ALJ's disability determination in the instant case was based on an unadjudicated period of time, the ALJ was not bound by res judicata principles." And because the ALJ was not bound by res judicata, the court found no error on the part of the ALJ. This is Diaz's appeal.

## II.

This Court reviews de novo the legal principles upon which the ALJ's decision is based. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). We review the resulting decision "only to determine whether it is

3

supported by substantial evidence," such that our "limited review precludes . . . re-weighing the evidence."  Id.

The Social Security Act provides that the "findings and decision of the Commissioner . . . after a hearing shall be binding upon all individuals who were parties to such hearing."  42 U.S.C. § 405(h).  The Commissioner has promulgated regulations under section 405(h), which state that administrative res judicata applies when the Social Security Administration has "made a previous determination or decision . . . on the same facts and on the same issue or issues" and when the "previous determination or decision has become final by either administrative or judicial action."  20 C.F.R. §§ 404.957(c)(1), 416.1457(c)(1).

This Court has repeatedly held that an ALJ is not required to apply administrative res judicata when the current proceeding involves an unadjudicated time period not at issue in the prior decision.  See, e.g., Torres v. Comm'r of Soc. Sec., __ F. App'x __, 2020 WL 4559495, at *2 (11th Cir. Aug. 7, 2020) (per curiam) (unpublished); Griffin v. Comm'r of Soc. Sec., 560 F. App'x 837, 844 (11th Cir. 2014) (unpublished).  This precedent is consistent with the regulations of the Commissioner and neither party disputes it here.

The ALJ did not err by failing to apply administrative res judicata in considering Diaz's claims.  The 2013 ALJ decision addressed the time period between January 1, 2012 and November 26, 2013, while the 2017 ALJ decision

4

concerned the time period between March 24, 2015 and October 16, 2017. Beyond

that, each ALJ in the separate proceedings found that Diaz had distinctive

impairments during the separate time periods. Under the Commissioner's

regulations, these different proceedings could not have involved "the same facts,"

and thus the ALJ was not required to apply administrative res judicata. See 20

C.F.R. §§ 404.957(c)(1), 416.1457(c)(1); see also Torres, 2020 WL 4559495, at *2

("Any earlier proceeding that found or rejected the onset of a disability could

rarely, if ever, have actually litigated and resolved whether a person was disabled

at some later date." (quotation marks omitted)).

Because the ALJ was not required to apply administrative res judicata, the

district court correctly held that the ALJ did not err.[1]

**AFFIRMED.**

---

[1] Diaz also appears to argue that the ALJ erred by failing to give "significant weight" to the 2013 ALJ decision. Because our "limited review" of whether substantial evidence supported the ALJ's decision "precludes . . . re-weighing the evidence," we do not review the weight the ALJ gave the prior decision. See Moore, 405 F.3d at 1211. Diaz does not otherwise contest whether substantial evidence supported the ALJ's decision, so we do not otherwise address that question.